Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE B. HINES, Also Known as "T," Appellant. [919 NYS2d 439]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to the contention of defendant, the record establishes that he was sentenced in accordance with the terms of the plea bargain (*see People v Green*, 277 AD2d 970 [2000], *lv denied* 96 NY2d 759 [2001]). By pleading guilty, defendant forfeited his further contention with respect to the People's alleged violation of CPL 160.50 (*see generally People v Nunez*, 73 AD3d 1469 [2010], *lv denied* 15 NY3d 808 [2010]). Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. DUNBAR, Appellant. [919 NYS2d 457]—

Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BOSLEY, Appellant. [919 NYS2d 457]—

Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.

HARRIET C. BOARDMAN, Appellant, v CHURCH OF THE TRANSFIGURATION, Respondent. (Appeal No. 1.) [919 NYS2d 439]—

Present—Scudder, P.J., Peradotto, Lindley and Green, JJ.

HARRIET C. BOARDMAN, Appellant, v CHURCH OF THE TRANSFIGURATION, Respondent. (Appeal No. 2.) [919 NYS2d 441]—

Present—Scudder, P.J., Peradotto, Lindley and Green, JJ.

HARRIET C. BOARDMAN, Appellant, v CHURCH OF THE TRANSFIGURATION, Respondent. (Appeal No. 3.) [919 NYS2d 435]—

Memorandum: Plaintiff commenced this action seeking injunctive relief and monetary damages based upon water damage to her property allegedly caused by the construction and expansion of defendant's building and parking lot. Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the third cause of action, for trespass. Defendant met its initial burden of establishing that it did not intend to cause water to enter onto plaintiff's property (*see Theofilatos v Koleci*, 105 AD2d 514 [1984]), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court erred, however, in granting those parts of the motion seeking summary judgment dismissing the first and second